# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| vs. | : | NO. 06-0140-01 |
| RAYMOND MAINOR | : | |

# M E M O R A N D U M

**STENGEL, C. J.**                                                                                                      October 26, 2017

Raymond Mainor, a prisoner at the Federal Correctional Complex at Allenwood, has filed a *pro se* motion for reduction of sentence pursuant to Amendment 782 to the United States Sentencing Guidelines, and pursuant to 18 U.S.C. § 3582(c)(2). The government has responded. For the following reasons, I will deny the motion.

On October 24, 2007, a jury convicted Mr. Mainor of possession of a firearm in furtherance of drug trafficking; of being a felon in possession of a firearm; of multiple counts of distribution of, and possession with intent to distribute, cocaine and crack-cocaine; and three counts of distribution of, and possession with intent to distribute, within 1,000 feet of a school, cocaine and crack-cocaine.

Before sentencing, the Probation Office determined that the base offense level for the combined drug quantities was 36, with no adjustments. The combination of that level with Mr. Mainor's criminal history category of II yielded a sentencing guideline range of

210-262[1] months' imprisonment. However, there was a mandatory minimum sentence on Count Two of two hundred forty months, and a mandatory minimum consecutive sentence on Count Seven of sixty months, bringing the effective guideline sentence to 300 months.

On April 24, 2008, I sentenced Mr. Mainor to 240 months' imprisonment on the drug offenses and sixty months' imprisonment on the firearm charge to run consecutively for a total of 300 months' imprisonment, to be followed by a total of twenty years of supervised release, a fine of $60,000, and a special assessment of $600.

Title 18 of the United States Code, Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Under Section 1B1.10: "In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

---

[1] I note that the government's response to this motion incorrectly indicates that the sentencing guideline range was 57 to 71 months. See Document #230 at 3.

In <u>Dillon v. United States</u>, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." <u>Ibid.</u>
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

<u>Id.</u> at 827.

I note that Amendment 782 does lower Mr. Manor's Section 2D1.1 offense level from 36 to 34, and his guideline range to 168 to 210 months' imprisonment. This

3

amended range, however, falls below the statutory mandatory minimum sentence of 300 months, which becomes the guideline range.[2] The Sentencing Commission has no authority to alter a statutory mandatory penalty. Amendment 782 only altered the offense levels for drug offenses, but could not change the statutory mandatory minimums as are present here. The retroactive amendment has not altered this provision, and therefore both the statutory mandatory penalty and the recommended guideline sentence remain exactly what they were at the time of the original sentencing proceeding. See § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.")

In Application Note 1(A) of 18 U.S.C. Appx § 1B1.10, the Sentencing Commission instructed:

> "Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (d) is applicable to the defendant; or (ii) an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range ***because of the operation of*** another guideline or ***another statutory provision (e.g., a statutory mandatory minimum term of imprisonment***.)"

---

[2] Where the statutory mandatory penalty was higher than the original guideline range, the statutory minimum became the guideline sentence. See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.")

U.S.S.G. § 1B1.10 app. note 1(A) (emphasis added).  As a matter of law, Mr. Mainor's sentence cannot be below the statutory minimum, and no reduction is allowed.  Thus, I will deny his motion in its entirety.

       An appropriate Order follows.