# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 06-140-1 |
| RAYMOND MAINOR | |

## MEMORANDUM OPINION

On March 18, 2019, Raymond Mainor filed a motion for reduction in sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. For the reasons that follow, Mainor's motion will be granted in part and denied in part.

### I. BACKGROUND

#### A. Mainor's Criminal History and Sentence

On March 8, 2006, Mainor was charged in a ten-count superseding indictment with crimes related to possession with intent to distribute cocaine, possession with intent to distribute cocaine base (crack), and firearm posession. On December 12, 2006, to seek an enhanced sentence, the Government filed an information pursuant to 21 U.S.C. § 851, which established that Mainor had been previously been convicted of a felony drug crime. On October 23, 2007, after a one-week trial, a jury convicted Mainor of the following offenses:

- Count One – 21 U.S.C. § 841(a)(1) (possession with intent to distribute 15 kilograms of cocaine);
- Count Two – 21 U.S.C. § 841(a)(1) (possession with intent to distribute 15 kilograms of cocaine near a school);
- Count Three – 21 U.S.C. § 841(a)(1) (possession with intent to distribute 1 kilogram of cocaine);
- Count Four – 21 U.S.C. § 860(a) (possession with intent to distribute 1 kilogram of cocaine near a school);
- Count Five – 21 U.S.C. § 841(a)(1) (possession with intent to distribute 6.4 grams of crack cocaine);
- Count Six – 21 U.S.C. § 860(a) (possession with intent to distribute 6.4 grams

of crack cocaine near a school);
- Count Seven – 18 U.S.C. § 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime);
- Count Eight – 18 U.S.C. § 922(g)(1) (felon in possession of a firearm);
- Count Nine – 21 U.S.C. § 841(a)(1)) (distribution of cocaine);
- Count Ten – 21 U.S.C. § 860(a) (distribution of cocaine near a school).

Mainor was sentenced on July 1, 2008. As to the drug offenses, Mainor was sentenced under the terms of the then-in-effect version of 21 U.S.C. § 841(b)(1)—specifically, the version of Section 841(b)(1) that went into effect on November 2, 2002. Pursuant to that version of Section 841(b)(1)(A), Defendant was sentenced to twenty years imprisonment and a ten-year term of supervised release, both statutory minimums, for his powder cocaine offense with the prior felony established by the Section 851 enhancement. *See* 21 U.S.C. § 841(b)(1)(A) (Nov. 2, 2002). In addition, pursuant to that version of Section 841(b)(1)(B), Mainor was sentenced to ten years imprisonment, again the statutory minimum, for his crack cocaine offenses with a prior drug felony. *See* 21 U.S.C. § 841(b)(1)(B) (Nov. 2, 2002). Mainor was also sentenced to a ten-year term of supervised release for his crack cocaine offense with a prior drug felony—a term two years greater than the statutory minimum of eight years. *See id.* Mainor's drug-related terms of imprisonment were to run concurrently, while his drug-related terms of supervised release were to run consecutively.

On the firearm count, Mainor was sentenced to five years imprisonment, also a statutory minimum. *See* 18 U.S.C. § 924(c)(1)(A) ("[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years."). Mainor's fire-year term of imprisonment on the firearm count was to run consecutively with his

drug-related terms of imprisonment. *See id.*

In aggregate, then, Mainor was sentenced to a twenty-five-year term of imprisonment and twenty years of supervised release.[1] Defendant appealed his sentence and the Third Circuit affirmed the district court's judgment in *United States v. Mainor*, 393 F. App'x 10 (3d Cir. 2010).[2] Mainor has thus far served a significant portion of the twenty-five-year term of imprisonment, as he has been incarcerated since March 2006. Mainor represents that during his time in prison, he has taken advantage of various BOP programs to foster his self-development.

### B. Fair Sentencing Act and First Step Act

In 2010, Congress enacted the Fair Sentencing Act, which reduced the powder-to-crack threshold disparity required to trigger mandatory minimum penalties under 21 U.S.C. § 841(b). Specifically, Section 2 of the Fair Sentencing Act "increas[ed] the amount of crack needed to trigger the 5–year minimum from 5 to 28 grams and the amount for the 10–year minimum from 50 to 280 grams, while leaving the powder cocaine amounts intact." *Dorsey v. United States*, 132 S. Ct. 2321, 2323 (2012). The Fair Sentencing Act of 2010 did not apply retroactively to individuals, like Mainor, sentenced under earlier versions of Section 841(b). *See Dorsey*, 132 S. Ct. at 2336.

That changed in 2018, when Congress enacted the First Step Act. Amongst other provisions, the First Step Act applied Section 2 of the Fair Sentencing Act retroactively to those individuals, again like Mainor, sentenced under prior version of Section 841(b). Specifically, Section 404(b) of the First Step Act provides that, "[a] court that imposed a sentence for a

---

[1] Mainor was also required to pay a $60,000 fine, a provision of his sentence not at issue here.

[2] In 2017, Defendant filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. The district court denied the motion because Defendant was sentenced to the statutory minimum penalty of twenty years, and the amendment did not affect the statutory penalties. The Third Circuit affirmed that judgment as well in *United States v. Mainor*, 725 F. App'x 85 (3d Cir. 2018). Defendant filed other motions for post-conviction relief that have also been denied.

covered offense may, on motion of the defendant, . . . impose a reduced sentence as if section 2 [was] in effect at the time the covered offense was committed." The statute defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 . . . of the Fair Sentencing Act . . . that was committed before August 3, 2010." *Id.* at § 404(a).

Whether to reduce the sentence of an individual eligible for relief under the First Step Act lies in the discretion of the district court. That is because Section 404 provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section," *id.* at § 404(c), which "[c]ourts [have] construe[d] to mean that a district court has discretion whether to reduce a sentence imposed upon a defendant who was sentenced prior to the enactment of the Fair Sentencing Act," *United States v. Crews*, 2019 WL 2248650, at *4 (W.D. Pa. May 24, 2019) (collecting cases). In addition, while the First Step Act permits district courts to reduce a qualified individual's sentence, it does not authorize a district court to conduct a plenary resentencing of the defendant. *Id.*; *see also United States v. Shelton*, 2019 WL 1598921, at *2 (D.S.C. Apr. 15, 2019) ("Neither the Fair Sentencing Act nor the First Step Act expressly provide for a full or plenary resentencing for reconsideration of original sentencing determinations."); *United States v. Perkins*, 2019 WL 1578367, at *3 (N.D. Iowa Apr. 3, 2019) ("[A] full resentencing is neither required nor called for[.]"). Rather, the First Step Act only allows district courts to recalculate the sentence of an individual convicted of a "covered offense," as if the quantity-thresholds established in Section 2 of the Fair Sentencing Act applied at the time of the original sentencing.

That is important because in a separate provision—Section 401—the First Step Act also reduced and restricted enhanced sentencing for prior drug felonies under 21 U.S.C. § 841.

4

Section 401(a)(1)(i) changed the predicate conviction for an enhanced sentence from a "prior conviction for a felony drug offense" to a "prior conviction for a serious drug felony." The changes set forth in Section 401 of the First Step Act, however, do not apply to individuals resentenced under Section 404 of the First Step Act. Indeed, Section 401 was explicitly written so as not to be retroactive: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." *Id.* at § 401(c); *see also United States v. Rivas*, 2019 WL 1746392, at *8 (E.D. Wis. Apr. 18, 2019) (holding that Section 401 did not authorize the court to disturb the prior sentencing court's conclusion that the defendant was a career offender).

## II. DISCUSSION

Mainor now petitions the Court for resentencing under the terms of the First Step Act on two grounds: (1) under Section 401 of the First Step Act, his previous drug felony conviction should no longer qualify as a predicate conviction for an enhanced sentence under 21 U.S.C. § 841(b)(1); and, (2) under Section 404 of the First Step Act, the statutory penalties for his crack conviction are significantly lower and, thus, he is eligible for a reduced sentence.

### A. Section 401

Mainor's argument as to Section 401 is easily dealt with. As noted, Section 401 does not apply retroactively: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*." *Id.* at § 401(c) (emphasis added). Because a sentence has been imposed against Mainor, Section 401 does not apply here. Accordingly, nothing about the First Step Act permits the Court to disturb the sentencing court's finding that

5

Mainor's previous drug felony qualified as a predicate conviction for an enhanced sentence under the 2002-version of Section 841(b), which triggered the mandatory minimum penalties. *See Rivas*, 2019 WL 1746392, at *8; *cf. Crews*, 2019 WL 2248650, at *4 (holding that the First Step Act does not permit a district court to engage in a plenary resentencing of an individual otherwise qualified for a reduction in sentence pursuant to Section 404 of the statute).

### B. Section 404

Defendant is correct that his crack cocaine offenses are eligible for resentencing under the First Step Act. Defendant was sentenced under the 2002-version of Section 841(b)(1)(B) for possession with intent to distribute 5 or more grams of crack cocaine; at the time, his violation carried a mandatory minimum sentence of ten years imprisonment, given his prior drug offense. Section 2 of the Fair Sentencing Act, made retroactive by Section 404 of the First Step Act, changed the threshold amount of crack required to trigger mandatory penalties under Section 841(b)(1)(B) from five grams to twenty-eight grams. Because Mainor's drug offenses involved only 6.4 grams of crack, if the threshold requirements of Section 2 applied at the time of the original sentencing, he would no longer be subject to a mandatory minimum sentence under Section 841(b)(1)(B). Instead, the statutory provision controlling his crack offenses would be Section 841(b)(1)(C), which carries no mandatory minimum term of imprisonment and a reduced term of supervised release. Thus, Defendant is eligible to be resentenced for his crack offense.

The Court, however, will decline to exercise its discretion to reduce Mainor's term of imprisonment because his twenty-year sentence for his powder cocaine offenses—a term that runs concurrently with the ten-year sentence for crack offenses—is ineligible for reduction under the First Step Act. Simply, even if Mainor's ten-year sentence on the crack charge were lowered, the twenty-year mandatory minimum for his powder cocaine offenses would remain

unchanged. The Fair Sentencing Act did not change the threshold amount of powder cocaine required to trigger mandatory penalties under 21 U.S.C. § 841(b)(1)(A). Under the law as written at the time of Mainor's sentencing, possession with intent to distribute 5 kilograms or more of powder cocaine triggered a mandatory twenty-year sentence where, as was the case with Mainor, the defendant had been previously convicted for a felony drug crime. *See* 21 U.S.C. § 41(b)(1)(A) (Nov. 2, 2002); *Mainor*, 393 F. App'x at 20 (3d Cir. 2010) ("For the reasons we have articulated, Mainor's conviction and sentence will be affirmed."). While, as noted, Section 401 changed what qualifies as a predicate conviction for an enhanced sentence and reduced the term of imprisonment for an enhanced sentence under Section 841(b)(1)(A), Section 401 does not apply retroactively. Thus, Mainor's twenty-year sentence on the powder cocaine charges is ineligible to be reduced under the First Step Act. And because the twenty-year powder cocaine sentence is to run concurrently with the ten-year crack sentence, even if the Court were to reduce Mainor's sentence on the crack conviction, it would not affect his total time of his incarceration, which would still be twenty years. Put differently, nothing the Court does as to Mainor's crack sentence will affect the total time he spends incarcerated.[3]

The Court will, however, exercise its discretion to reduce Mainor's term of supervised release as to the crack offense, from ten years to the statutory minimum of six years. Defendant was sentenced to two consecutive ten-year terms of supervised release for his Section 841(b) violations: a ten-year term for his powder cocaine offense, the statutory minimum, and a ten-year term for his crack cocaine offense, a term two years greater than the statutory minimum of eight

---

[3] Nor will lowering Mainor's ten-year term of imprisonment for the crack offenses affect criminal history category under the Sentencing Guidelines for any future offense. Under Section 4A1.1(a), an individual is assigned "3 points for each prior sentence of imprisonment exceeding one year and one month." U.S. Sentencing Guidelines Manual § 4A1.1(a) (U.S. Sentencing Comm'n 2018). All sentences imposed on the same day are treated as a single prior sentence for the purpose of calculating a criminal history category under Section 4A1.1(a). *Id.* at §4A1.2(a)(2). Thus, Defendant would be assigned 3 points for his aggregate sentence imposed on July 1, 2008 for crimes related to March 2006 drug trafficking, regardless of any adjustment the Court might make to his ten-year term of imprisonment for the crack offenses.

years. As noted, if Section 2's threshold requirements applied at the original sentencing, the statutory provision controlling his crack sentence would be Section 841(b)(1)(C), which required "a term of supervised release of at least 6 years in addition to such term of imprisonment." The sentence reduction is appropriate because Mainor has now served a significant portion of his twenty-year sentence, and appears to have taken significant steps while incarcerated to rehabilitate himself. *Cf. United States v. Cruz*, at *8 (M.D. Pa. July 12, 2019). Mainor's motion will therefore be granted as to the terms of his supervised release, which will be decreased from a term of twenty years (240 months) to a term of 192 months.[4]

An appropriate order follows.

**July 29, 2019**                                    **BY THE COURT:**


/s/ Wendy Beetlestone
_____
**WENDY BEETLESTONE, J.**

---

[4] The Court need not hold a hearing at which Mainor is present to reduce his sentence. Federal Rule of Criminal Procedure 43 provides that "[a] defendant need not be present," where "[t]he proceeding involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)," which permits district courts to modify a term of imprisonment "to the extent expressly permitted by statute," 18 U.S.C. § 3582(c); *see also Crews*, 2019 WL 2248650, at *4 (finding sentencing court not required to hold a hearing at which defendant is present to reduce sentence). Because the Court will reduce Mainor's sentence to the extent permitted by the First Step Act, no hearing need be held.